7/5/2022 10:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66006701
By: Cecilia Thayer
Filed: 7/5/2022 10:27 AM

CAUSE NO. _____

| | | |
|---|---|---|
| ANGIE MARIE HERNANDEZ | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| THE ESTATE OF RAMIRO HERNANDEZ | § | |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| MANUEL ANTONIO CALIX AMAYA, | § | |
| F OSORIA ENTERPRISES, LLC, ULISES | § | |
| VIART MOREJON, AND MVJ | § | _____ JUDICIAL DISTRICT |
| TRANSPORT AND INVESTMENT, LLC | § | |

## PLAINTIFFS' ORIGINAL PETITION

NOW COME Plaintiffs Angie Marie Hernandez individually and on behalf of The Estate of

Ramiro Hernandez, complaining of Defendants Manuel Antonio Calix Amaya, F Osoria

Enterprises, LLC, Ulises Viart Morejon, and MVJ Transport and Investment, LLC and for cause of

action would respectfully show this Court the following:

### I.   FACTUAL BACKGROUND

In the early hours of May 18, 2022 in Williamson County Texas, Ramiro Hernandez

traveled Northbound on FM 973 while operating his 18-wheeler. At the same time Manuel

Antonio Calix Amaya, an unlicensed and intoxicated driver, while in the course and scope of

his work with Osoria Enterprises, LLC, travelled in his own 18-wheeler eastbound on FM 1660

while towing a trailer owned by Ulises Viart Morejon / MVJ Transport and Investment, LLC

loaded with steel pipes. As Manuel Antonio Calix Amaya approached this particular

intersection, he was confronted with a stop sign and flashing red lights. See below.

1



Inexplicably Manuel Antonio Calix Amaya disregarded both traffic control devices as he approached the intersection of FM 973 and struck Ramiro Hernandez. See below.



The immense force of Manuel Antonio Calix Amaya's 18-wheeler crashing into Ramiro Hernandez' 18-wheeler caused Ramiro Hernandez to die on the scene. Ramiro Hernandez is survived by his grieving widow Angie Marie Hernandez, and she now brings this suit on behalf of herself and the Estate of Ramiro Hernandez to recover for their damages.

## II.   DISCOVERY PLAN

Plaintiffs intend to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

## III.   PARTIES

Plaintiff Angie Marie Hernandez is an individual residing in Texas.

Defendant Manuel Antonio Calix Amaya is an individual residing in Texas. Defendant may be served with process at 207 Lilac Way, Kyle Texas 78640 or wherever he may be found.

Defendant F Osoria Enterprises is a domestic limited liability company doing business in Texas and headquartered in Texas. Defendant may be served with process via its registered agent: Frank Osoria Romero at Fieldwood Dr.  #B, Austin, TX 78758 or wherever he may be found.

Defendant Ulises Viart Morejon is an individual residing in Texas. Defendant may be served with process at 2151 S Kirkwood Rd Apt 114 Houston, TX 77077 or 2151 S Kirkwood Rd Apt 158 Houston, TX 77077 or 2151 S Kirkwood Rd Apt 114 Houston, TX 77077 or 2151 S Kirkwood Rd Apt 139 Houston, TX 77077, or wherever he may be found.

Defendant MVJ Transport and Investment is a domestic limited liability company doing business in Texas and headquartered in Texas. Defendant may be served with process via its registered agent: 2151 S Kirkwood Rd Apt 139 Houston, TX 77077, or wherever he may be found.

## IV.   <u>VENUE AND JURISDICTION</u>

Venue and jurisdiction are proper.  The amount in controversy is within jurisdictional limits of this Court. Plaintiffs seek over $1,000,000 in damages. Harris County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.002(a), *et seq.*, because both Defendant Ulises Viart Morejon resides in Harris County and because Defendant MVJ Transport and Investment, LLC has a principal place of business in Harris County. Removal is not proper as there is no diversity of citizenship between the parties.

## V.   <u>CAUSES OF ACTION</u>

### A.  NEGLIGENCE: ALL DEFENDANTS.

Plaintiffs re-allege each aforementioned allegation as if fully incorporated below.

At the time of the incident, Defendant Manuel Antonio Calix Amaya was operating his vehicle negligently. Defendant Manuel Antonio Calix Amaya had a duty to exercise ordinary care and operate his vehicle in a reasonable and prudent manner. Defendant Manuel Antonio Calix Amaya breached that duty, and such negligence was a proximate cause of Plaintiffs' injuries. The negligence of Defendant F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC was also a proximate cause of Plaintiffs' injuries.

Defendants breached the duty of reasonable care in one or more of the following ways, among others:

1. Failing to pay proper attention to the surroundings;

2. Failing to keep a proper lookout;

3. Failing to observe and follow traffic laws, and to ensure driver observed and followed those laws;

4. Failing to keep the vehicle under proper control;

5. Failing to keep a safe distance between himself and the vehicles ahead;

6. Negligently entrusting the vehicles to Defendant Manuel Antonio Calix Amaya;

7. Negligently hiring, supervising and retaining Defendant Manuel Antonio Calix Amaya;

8. Negligently controlling Defendant Manuel Antonio Calix Amaya;

9. Failing to properly supervise and control Defendant Manuel Antonio Calix Amaya

10.     Failing to create or enforce safety rules;

11.     Failing to create or enforce safety rules regarding the operation of vehicles; and

12.     Violating various statutes and regulations, including the Texas Transportation Code.

Each of these acts and omissions, singularly or in combination with others, constitutes negligence, which was the proximate cause of this incident and the injuries sustained by Plaintiffs.

## B.  VICARIOUS LIABILITY: F OSORIA ENTERPRISES, LLC/ ULISES VIART MOREJON/ MVJ TRANSPORT AND INVESTMENT, LLC

Plaintiffs re-allege each aforementioned allegation as if incorporated below. Defendants are responsible for the conduct of its agents due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

## C.  NEGLIGENCE PER SE: ALL DEFENDANTS.

Plaintiffs re-allege each aforementioned allegation as if fully incorporated below. Defendants' conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiffs' injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

1.    TEX. PENAL CODE § 49.08 Intoxication Manslaughter

2.    TEX. TRANSP. CODE ANN § 522.011: A person may not drive a commercial motor vehicle unless: (1) the person: (A) has in the person's immediate possession a commercial driver's license issued by the department for the class of vehicle being driven.

3.    TEX. TRANSP. CODE ANN § 522.072: An employer may not knowingly permit a person to drive a commercial motor vehicle during a period in which: (2) the person is disqualified from driving a commercial motor vehicle.

4.    TEX. TRANSP. CODE ANN § 522.101: Notwithstanding any other law of this state, a person may not drive a commercial motor vehicle in this state while having a measurable or detectable amount of alcohol in the person's system.

5.    TEX. TRANSP. CODE ANN. § 544.004: Compliance with Traffic-Control Device

6.    TEX. TRANSP. CODE ANN. § 544.010: An operator required to stop by this section shall stop before entering the crosswalk on the near side of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway.

7.    TEX. TRANSP. CODE ANN. § 545.060: A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

8.    TEX. TRANSP. CODE ANN. § 545.351: A operator shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway.

Plaintiffs are within the class of individuals intended to be protected by these statutes. The statutes are ones for which tort liability may be imposed. The breach of the statutory duties proximately caused Plaintiffs' injuries.

### D.  NEGLIGENT ENTRUSTMENT: F OSORIA ENTERPRISES, LLC/ ULISES VIART MOREJON/ MVJ TRANSPORT AND INVESTMENT, LLC

Plaintiffs re-allege each aforementioned allegation as if fully incorporated below.

Defendant negligently entrusted the vehicle to Defendant Manuel Antonio Calix Amaya, as it

knew or had reason to know that Defendant Manuel Antonio Calix Amaya should not have been operating the vehicle. This was a proximate cause of Plaintiffs' injuries.

Each of these acts and omissions, singularly or in combination with others, constitutes negligence which was the proximate cause of this incident and Plaintiffs' injuries.

### E.  NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION OF MANUEL ANTONIO CALIX AMAYA: F OSORIA ENTERPRISES, LLC/ ULISES VIART MOREJON/ MVJ TRANSPORT AND INVESTMENT, LLC

Plaintiffs incorporate the previous allegations.

Defendants F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC are liable for the negligent hiring, supervision, training and retention of Manuel Antonio Calix Amaya. Defendants F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC had a duty to exercise due care to secure a competent contractor for the work. Defendant failed to exercise such care and is liable for the negligent acts of Manuel Antonio Calix Amaya. Defendants owed a duty to Plaintiffs to use ordinary care in retaining Manuel Antonio Calix Amaya. Defendants failed to exercise ordinary care in employing Manuel Antonio Calix Amaya. Defendants retained the services of Manuel Antonio Calix Amaya but failed to properly screen his driving record as to whether he was properly licensed and trained to do such work. Defendants also failed to remain knowledgeable about Manuel Antonio Calix Amaya's competence and fitness. Defendants knew or should have known the continued employment/contracting of Manuel Antonio Calix Amaya would create an unreasonable risk of harm to others. Defendants F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC knew or should have known that Manuel Antonio Calix Amaya was incompetent. Plaintiffs' injuries are the result of Manuel Antonio Calix Amaya's incompetence. Defendant F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment,

LLC s failure in this regard proximately caused Plaintiffs' injuries alleged herein.

**F. NEGLIGENT EXERCISE OF CONTROL OF MANUEL ANTONIO CALIX AMAYA: F OSORIA ENTERPRISES, LLC/ ULISES VIART MOREJON/ MVJ TRANSPORT AND INVESTMENT, LLC**

Plaintiffs incorporate the previous allegations. At all times, F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC maintained control over Defendant Manuel Antonio Calix Amaya. F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC owed a duty to Plaintiffs to exercise control over Manuel Antonio Calix Amaya. F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC breached that duty. F Osoria Enterprises, LLC/ Ulises Viart Morejon/ MVJ Transport and Investment, LLC's negligent control over Defendant Manuel Antonio Calix Amaya proximately caused Plaintiffs' injuries.

**G. GROSS NEGLIGENCE: ALL DEFENDANTS.**

Plaintiffs will further show that the acts and/or omissions of Defendants as described above, when viewed objectively from their standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiffs. As such, these actions and omissions constitute gross negligence and malice as those terms are understood by law.

Plaintiffs will further show that a limitation on exemplary damages does not apply to Defendants because Plaintiffs seek recovery of exemplary damages based on conduct described as a felony. Tex. Civ. Prac. & Rem. Code § 41.008(c)(15).

## VI.  **DAMAGES**

As a direct and proximate result of the Defendants' negligent acts and/or omissions, Plaintiffs have suffered substantial damages for which they seek recovery from Defendants. Plaintiffs pray that they recover a judgment from Defendants for damages in excess of $1,000,000 and that they recover from Defendants for the following:

a.   Physical pain and suffering in the past;

b.   Physical pain and suffering in the future;

c.   Mental anguish in the past;

d.   Mental anguish in the future;

e.   Physical impairment in the past;

f.   Plaintiffs will, in all reasonable probability, suffer physical impairment in the future;

g.   Reasonable medical care and expenses in the past. Plaintiffs incurred these expenses for the necessary care and treatment of injuries resulting from the incident complained of herein,  and such charges were reasonable and were usual and customary charges for such services;

h.   Plaintiffs will, in all reasonable probability, incur reasonable and necessary medical care and expenses in the future;

i.   Disfigurement in the past;

j.   Disfigurement in the future;

k.   Loss of earning capacity in the past;

l.   Plaintiffs will, in all reasonable probability, incur loss of earning capacity in the future;

m.   Loss of household services in the past;

n.   Loss of household services in the future;

o.   Cost of monitoring and prevention in the future;

p.   Punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury;

q.   Costs of suit;

r.   Prejudgment and post-judgment interest; and

s.   All other relief to which Plaintiffs may be justly entitled.

Because of the egregious nature of the actions of the Defendants, Plaintiffs seeks punitive damages.

### VII.  **REQUEST FOR JURY TRIAL**

Plaintiffs respectfully demand a jury trial and tenders the appropriate fee.

### VIII. **PRAYER**

By reason of all the above and foregoing, Plaintiffs are entitled to recover from Defendants the damages set forth in this petition, jointly and severally, within the jurisdictional limits of this Court. Plaintiffs seeks damages over $1,000,000. Plaintiffs also seek pre- and post-judgment interest at the maximum legal rate, costs of court, and any other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

[signature block on next page]

### THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Ryan S. Pigg
State Bar No. 24088227
Cornelia Brandfield-Harvey
State Bar No. 24103540
Mauricio Guevara
State Bar No. 24123065
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
Email: tbuzbee@txattorneys.com
Email: rpigg@txattorneys.com
Email: cbrandfieldharvey@txattorneys.com
Email: mguevara@txattorneys.com

#### THE PASTRANO LAW FIRM

By: */s/ Chevo Pastrano*
Chevo Pastrano
State Bar No. 24037240
92 Oak Grove Rd.
Luling, Texas 78648
Tel: (512) 392-6100
Chevo@pastranolaw.com

**ATTORNEYS FOR PLAINTIFFS**